STATE on complaint of BENJAMIN F. MELSON and wife, SALLIE R. MELSON, *vs.* JAMES A. WILLOUGHBY.

1. TRESPASS—SUFFICIENCY OF TITLE IN PLAINTIFF—PROOF.

In trespass, plaintiff must show by a preponderance of evidence that at the time of the alleged trespass he had actual possession of the land.

2. TRESPASS—LEGAL TITLE—PROOF.

In trespass on real estate, legal title may be shown either by claim of paper title—that is, by deeds, plots or records—or by adverse possession.

3. ADVERSE POSSESSION—ESSENTIALS IN GENERAL.

To acquire title by adverse possession, the possession must be exclusive, notorious, adverse to the rights of all others, and continued uninterrupted for a period of at least twenty years.

4. ADVERSE POSSESSION—WHAT CONSTITUTES.

In action of trespass, whether acts constituted adverse possession depends somewhat upon the character of the land, purpose for which used, and conditions existing at the time of the alleged trespass.

5. ADVERSE POSSESSION—MIXED POSSESSION.

In trespass, where woodland lies between two persons, both claiming it, it is a mixed possession, and the law adjudges it to him who has the legal title.

6. EVIDENCE—SURVEYS—WEIGHT.

In a boundary dispute, a survey of land made in pursuance of an order of the Orphans' Court is to be considered in conjunction with other evidence, as other records are, and given such weight as the jury thinks it is entitled to.

(October 9, 1917.)

Judges BOYCE and RICE sitting.

*Charles S. Richards* for plaintiffs.

*Andrew J. Lynch* and *James M. Tunnel* for defendant.

Superior Court, Sussex County, October Term, 1917.

ACTION of trespass for injury to real estate, certified by a justice of the peace, No. 11, April Term, 1914.

Action commenced before a justice of the peace on complaint of Benjamin F. Melson and Sallie R. Melson, his wife, against James A. Willoughby to recover damages for direct and immediate injuries to real property of the plaintiffs, situate in North West Fork Hundred, Sussex County, by cutting trees standing thereon. The defendant appearing did say that the place wherein the trespass is alleged is his freehold; whereupon the justice certified the record of the action to the Superior Court of the county, in accordance with the statute in that behalf. *Rev. Code* 1915, § 4065. Trial by jury. Verdict not guilty.

RICE, J., charging the jury:

This is an action of trespass brought on the complaint of Benjamin F. Melson and wife, Sallie R. Melson, against James A. Willoughby, the defendant. The plaintiffs claimed that the defendant did on the seventh day of February, 1914, willfully

enter upon and cut trees standing on lands of the plaintiffs in North West Fork Hundred, Sussex County.

The action was commenced before a justice of the peace. The defendant appeared and claimed ownership of the premises whereon the trespass was alleged to have been committed and appealed the case to the Superior Court under *Section* 4065, *Rev. Code* 1915, which provides:

"But if, in an action of trespass for an injury to real property, the defendant shall say that the place, wherein the trespass is alleged, is his freehold, or the freehold of anyone under whom he claims, and shall give sufficient security for costs and damages, not exceeding two hundred dollars in amount, the justice shall forthwith certify the record of the action to the Superior Court, which shall try the same, as other causes in said court. The entry of the record in court shall imply an appearance of the parties."

The controversy here arises out of a dispute over the boundary line between the adjoining lands of the plaintiffs and defendant.

The plaintiffs claim that they acquired title to the disputed land in 1881 by deed from Benjamin S. Melson, the father of Benjamin F. Melson, one of the plaintiffs and that the father before that time and the plaintiffs since then have exercised ownership over the land in question and they have acquired title by adverse possession. The plaintiffs also claim that Benjamin S. Melson, the father and one Smith a former owner of the Willoughby land, decided the lines between the adjoining farms by actual survey.

Thus it appears that the plaintiffs claim title to the land in dispute both by paper title and by adverse possession.

The defendant denies the claim of the plaintiffs and contends that he, the defendant, has shown by the evidence a legal title to the land in dispute.

[1] The plaintiffs to support this action must show by a preponderance of evidence, that at the time of the alleged trespass they had the actual possession of the land.

[2] In an action for trespass legal title to the premises may be shown either by claim of paper title—that is by deeds, plots, or records—or by adverse possession.

[3]  To acquire title by adverse possession, the possession must be exclusive, notorious, adverse to the rights of all others, and continued uninterrupted for a period of at least twenty years.

In the case of *Truitt v. Osler*, 4 *Boyce*, 572, 90 *Atl.* 467 (11, 12), the court quoted from *Bartholomew v. Edwards*, 1 *Houst.* 22, where it was said:

"If  *  *  *  the plaintiff had proved that he was at the time in possession of the 'land where the trespass was committed,' he would be entitled to recover damages for the trespass without further proof of title, unless the defendant had proved a better title to the premises, or a possession in common with the plaintiff.  *  *  *  In the latter case (that is, in case of a mixed possession, or a common possession of both parties), the parties were both put upon their proof of title, and that party must prevail who had proved the legal title to be in him.  In a case of common possession of land by both parties to the suit, the law adjudged the rightful possession to him who had the legal title, and no length of time of such holding could give a title by possession as against such legal title; but an independent, separate, and adverse holding, under an exclusive claim, continuously asserted and maintained for twenty years, was itself a good title."

[4]  We think that the principles of law announced in that case are particularly applicable to the present case and that they sufficiently cover certain prayers requested by the defendant. There must have been acts of ownership exercised by the plantiff to prove actual possession to enable him to maintain his action, but the character of such acts will depend somewhat upon the character of the land upon which the alleged trespass was committed, the purpose for which the land was used or kept and the conditions existing at the time of the alleged trespass.

Bearing in mind these things, it is for the jury to say whether or not the plaintiff was in actual possession of the land in dispute at the time of the alleged trespass; that is, whether he had exercised such acts of ownership as are sufficient to satisfy you that he was in actual possession.

[5]  "Where woodland lies between two persons, both claiming it, it is a mixed possession, and the law adjudges it to him who has the legal title."  *Hunter v. Lank*, 1 *Har.* 10.

[6]  A survey of land made in pursuance of an order of the Orphans' Court, when admitted in evidence, is to be considered

by you in conjunction with other evidence in the case as other records are, and given such weight and effect as you think it is entitled to.

For the plaintiffs to be entitled to a verdict you must believe by the preponderance of the evidence that at the time of the alleged trespass they were in actual possession of the land in dispute.

If you should believe from the evidence that the defendant was in actual possession of the land at the time of the alleged trespass or that he had the legal title thereto, your verdict should be in favor of the defendant.

If you should believe from the evidence that the defendant committed the trespass as alleged, your verdict should be guilty, otherwise it should be not guilty.

Verdict; not guilty.